IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. _____ |
| v. | ) ) | |
| ADVANCED DYNAMIC INTERFACES LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Oracle Corporation and Oracle America, Inc. (collectively "Oracle") by and through their attorneys, bring this action against Advanced Dynamic Interfaces LLC ("ADI") and allege as follows:

## INTRODUCTION

Oracle brings this declaratory judgment action promptly to protect its innovative Application Express ("APEX") software from ADI's unwarranted claims that use of APEX infringes United States Patent Nos. 7,062,502 ("the '502 patent") and 7,401,094 ("the '094 patent") (collectively, "the patents-in-suit"). Specifically, on July 20, 2012, ADI filed an action in the United States District Court for the District of Delaware, C.A. No. 12-963-GMS ("APEX Customer Suit") alleging that twenty different companies infringe the patents-in-suit, directly and indirectly, through their alleged involvement with Oracle's APEX software and products and services based on or using APEX. Oracle brings this action to free its APEX customers and its APEX software from these unwarranted allegations of infringement.

## PARTIES

1.      Oracle Corporation is a corporation organized and existing under the laws of the State of Delaware.  Oracle Corporation's principal place of business is at 500 Oracle Parkway, Redwood City, California 94065.

2.      Oracle America, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Oracle America, Inc.'s principal place of business is at 500 Oracle Parkway, Redwood City, California 94065

3.      On information and belief, ADI is a company organized and existing under the laws of Texas, identifying its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

## JURISDICTION

### SUBJECT MATTER JURISDICTION

4.      This Court has subject matter jurisdiction over Oracle's Declaratory Judgment claims pursuant to Title 35 of the United States Code and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      Oracle provides a fully integrated stack of business hardware and software systems.  Among these systems is Oracle's APEX software.  Oracle's APEX product is a rapid web application development tool for the Oracle database, allowing customers to develop and deploy professional, fast, and secure applications with only a web browser and limited programming experience.

6.      On July 20, 2012, ADI filed the APEX Customer Suit.

7.      In its Complaint, ADI alleges that it is the owner of the patents-in-suit with rights to enforce the patents-in-suit and sue infringers.  ADI further alleges that Aderas, Inc., Apps Associates LLC, Burleson Enterprises Inc., C2 Consulting Inc., C3 Business

Solutions Inc., Centroid Systems Inc., Enkitec Group LLC, GB Advisors LLC,[1] The James Group LLC, JSA2 Solutions LLC, Konoso LLC, Linsonic LLC, Mauli Systems Inc., Mythics Inc., Niantic Systems LLC, Penwick Realtime Systems Inc., Rolta-TUSC Inc., SkillBuilders Inc., Sumner Technologies, and Vista Technology Services Inc. (the "APEX Customer Suit Defendants") infringe the patents-in-suit through their involvement with Oracle's APEX software. ADI specifically includes direct, contributory, and inducement infringement claims against the APEX Customer Suit Defendants based on the use of APEX as part of its APEX Customer Suit, and contends that the APEX software itself infringes. Oracle's APEX software is therefore a material component of ADI's infringement allegations against the APEX Customer Suit Defendants. But ADI did not include Oracle as a defendant even though Oracle owns the APEX software and designed, developed, and sells APEX software. The APEX Customer Suit has triggered indemnity requests by some of the APEX Customer Suit Defendants. Oracle denies that the patents-in-suit are infringed through the development, sale, offer for sale, importation, or use of any of the Oracle APEX software by Oracle or its customers. Oracle further contends that the patents-in-suit are invalid.

8.     Under all the circumstances, ADI's infringement allegations threaten actual and imminent injury to Oracle that can be redressed by judicial relief, and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such injury includes, among other things, the implicit assertion that Oracle is indirectly infringing by virtue of its actions in selling APEX software, uncertainty as to whether the development, use, and sale of APEX software is free from infringement claims based on the patents-in-suit, the injury to Oracle's efforts to market and sell APEX software resulting from the APEX Customer Suit and

---

[1]     GB Advisors has since been dismissed without prejudice.

the threat that other customers will be sued, and the possible obligations flowing from claims for indemnity.   Absent a declaration of noninfringement and/or invalidity, ADI will wrongfully assert the patents-in-suit against Oracle's APEX software, and will thereby cause Oracle irreparable injury and damage.   Thus, an actual and justiciable controversy exists between Oracle and ADI as to the patents-in-suit.

## PERSONAL JURISDICTION

9.     ADI has consented to personal jurisdiction in this district and waived any objection to suit in this district by filing the APEX Customer Suit in this district.   ADI purports to own the right, title, and interest in the patents-in-suit, including the right to assert all causes of action arising under the patents-in-suit.   ADI has purposefully availed itself of this district by intentionally and purposefully taking steps to enforce the patents-in-suit in this district against Oracle customers, some of whom are incorporated under the laws of Delaware, for infringement of the patents-in-suit and seeking to enjoin these entities, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the patents-in-suit.   ADI's efforts to enforce the patents-in-suit and enjoin these entities also adversely and foreseeably impact Oracle, a resident of this judicial district, as described further above.   The APEX Customer Suit accuses Oracle's customers of infringement of the same patents and by use of the same APEX software over which declaratory judgment is sought in this suit, and therefore adjudicates claims which are related to the same facts that give rise to this suit.

10.     ADI is subject to personal jurisdiction in this judicial district based upon its purposeful, systematic, and continuous contacts with Delaware, including those related to this case.   Upon information and belief, ADI is an entity created for the purpose of enforcing the patents-in-suit in the APEX Customer Suit.

## VENUE

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue, namely, filing of the APEX Customer Suit, occurred in this judicial district, and because ADI is subject to personal jurisdiction within this judicial district.

## COUNT I
### (NONINFRINGEMENT OF THE '502 PATENT)

12.     Oracle hereby restates and realleges the allegations set forth in paragraphs 1 through 11 above and incorporates them by reference.

13.     On information and belief, ADI purports to own the right, title, and interest in '502 patent, including the right to assert all causes of action arising under the '502 patent.  A true and correct copy of the '502 patent is attached hereto as Exhibit A.

14.     No claim of the '502 patent has been or is infringed, either directly or indirectly, contributorily or otherwise, by Oracle or its customers through their activities in conjunction with Oracle's APEX software.

15.     As set forth above, an actual controversy exists between Oracle and ADI as to infringement of the '502 patent.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT II
### (INVALIDITY OF THE '502 PATENT)

16.     Oracle hereby restates and realleges the allegations set forth in paragraphs 1 through 11 above and incorporates them by reference.

17.     On information and belief, ADI purports to own the right, title, and interest in '502 patent, including the right to assert all causes of action arising under the '502 patent.

18.     The claims of the '502 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and 112.

19.     As set forth above, an actual controversy exists between Oracle and ADI as to invalidity of the '502 patent.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT III
### (NONINFRINGEMENT OF THE '094 PATENT)

20.     Oracle hereby restates and realleges the allegations set forth in paragraphs 1 through 11 above and incorporates them by reference.

21.     On information and belief, ADI purports to own the right, title, and interest in '094 patent, including the right to assert all causes of action arising under the '094 patent.  A true and correct copy of the '094 patent is attached hereto as Exhibit B.

22.     No claim of the '094 patent has been or is infringed, either directly or indirectly, contributorily or otherwise, by Oracle or its customers through their activities in conjunction with Oracle's APEX software.

23.     As set forth above, an actual controversy exists between Oracle and ADI as to infringement of the '094 patent.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is

necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT IV
### (INVALIDITY OF THE '094 PATENT)

24.     Oracle hereby restates and realleges the allegations set forth in paragraphs 1 through 11 above and incorporates them by reference.

25.     On information and belief, ADI purports to own the right, title, and interest in '094 patent, including the right to assert all causes of action arising under the '094 patent.

26.     The claims of the '094 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and 112.

27.     As set forth above, an actual controversy exists between Oracle and ADI as to invalidity of the '094 patent.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Oracle prays for the following relief:

A.     A declaration that Oracle and its customers have not infringed and are not infringing, directly, indirectly or otherwise, any claim of the patents-in-suit;

B.     A declaration that each claim of the patents-in-suit is invalid;

C.     An order that ADI and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them is restrained and enjoined

from further prosecuting or instituting any action against Oracle or Oracle's customers claiming

that the patents-in-suit are valid or infringed, or from representing that Oracle's products or

services, or that others' use thereof, infringe the patents-in-suit;

D.    A declaration that this case is exceptional under 35 U.S.C. § 285 and

awarding Oracle its attorneys' fees in connection with this case;

E.    All costs associated with this case.

F.    Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
skraftschik@mnat.com
    *Attorneys for Oracle Corporation*
    *and Oracle America, Inc.*

OF COUNSEL:

Jared Bobrow
Sonal N. Mehta
Andrew Perito
Justin M. Lee
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

September 18, 2012
6395189