## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | § § § | |
| Plaintiffs, | § § | Civil Action No.  1:12-cv-01154-GMS |
| v. | § § | |
| ADVANCED DYNAMIC INTERFACES LLC, | § § § | |
| Defendant. | § § | |

## DEFENDANT ADVANCED DYNAMIC INTERFACES LLC'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Advanced Dynamic Interfaces LLC ("ADI") hereby responds to the Declaratory Judgment Complaint ("Complaint") filed by Oracle Corporation and Oracle America, Inc. (collectively, "Oracle") as follows:

## INTRODUCTION

ADI admits that it filed an action on July 20, 2012 in the United States District Court for the District of Delaware, C.A. No. 12-963-GMS, that alleged infringement of United States Patent Nos. 7,062,502 ("the '502 Patent") and 7,401,094 ("the '094 Patent") (collectively "the patents-in-suit").   ADI denies the remaining allegations in the paragraph.

## PARTIES

1.     ADI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2.      ADI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

3.      ADI admits the allegations of Paragraph 3 of the Complaint.

**JURISDICTION**
SUBJECT MATTER JURISDICTION

4.      ADI admits the allegations of Paragraph 4 of the Complaint.

5.      ADI admits that Oracle provides APEX software.  ADI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6.      ADI admits the allegations of Paragraph 6 of the Complaint.

7.      ADI admits that it is the owner of the patents in suit and that it has the right to enforce the patents in suit against infringers.  ADI also admits that it has alleged direct, contributory and inducement infringement claims against Aderas, Inc., Apps Associates LLC, Burleson Enterprises Inc., C2 Consulting Inc., C3 Business Solutions Inc., Centroid Systems Inc., Enkitec Group LLC, GB Advisors LLC, The James Group LLC, JSA2 Solutions LLC, Konoso LLC, Linsonic LLC, Mauli Systems Inc., Mythics Inc., Niantic Systems LLC, Penwick Realtime Systems Inc., Rolta-TUSC Inc., SkillBuilders Inc., Sumner Technologies, and Vista Technology Services Inc., based at least in part on their use of the Application Express software ("APEX"), and/or products and services that use APEX.  ADI denies the remaining allegations of Paragraph 7.

8.      ADI denies the allegations of Paragraph 8 of the Complaint.

## **PERSONAL JURISDICTION**

9.      ADI admits it owns the right, title, and interest in the patents-in-suit, including the right to assert all causes of action arising under the patents in suit.  ADI further admits that it is subject to personal jurisdiction in this district with respect to this lawsuit.  ADI denies the remaining allegations of Paragraph 9 of the Complaint.

10.      ADI denies the allegations of Paragraph 10 of the Complaint.

## **VENUE**

11.      To the extent a response is required, ADI admits that venue is proper in this district, but denies that venue properly lies in this judicial action solely by virtue of the ADI's having filed its APEX Customer Lawsuit herein.

## **COUNT 1**
### (NON-INFRINGEMENT OF THE '502 PATENT)

12.      The responses set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

13.      ADI admits the allegations of Paragraph 13 of the Complaint.

14.      ADI denies the allegations of Paragraph 14 of the Complaint.

15.      ADI denies the allegations of Paragraph 15 of the Complaint.

## **COUNT II**
### (INVALIDITY OF THE '502 PATENT)

16.      The responses set forth in the foregoing paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

17.      ADI admits the allegations of Paragraph 17 of the Complaint.

18.      ADI denies the allegations of Paragraph 18 of the Complaint.

19.      ADI denies the allegations of Paragraph 19 of the Complaint.

### COUNT III
(NON-INFRINGEMENT OF THE '094 PATENT)

20.     The responses set forth in the foregoing paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

21.     ADI admits the allegations of Paragraph 21 of the Complaint.

22.     ADI denies the allegations of Paragraph 22 of the Complaint.

23.     ADI denies the allegations of Paragraph 23 of the Complaint.

### COUNT IV
(INVALIDITY OF THE '094 PATENT)

24.     The responses set forth in the foregoing paragraphs 1 through 23 are hereby realleged and incorporated herein by reference.

25.     ADI admits the allegations of Paragraph 25 of the Complaint.

26.     ADI denies the allegations of Paragraph 26 of the Complaint.

27.     ADI denies the allegations of Paragraph 27 of the Complaint.

### PRAYER FOR RELIEF

ADI denies that Oracle is entitled to the relief requested in the Complaint or to any other relief.

### AFFIRMATIVE DEFENSES

In response to Oracle's Complaint, ADI asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

For the reasons set forth in ADI's Counterclaims, Oracle has infringed and is continuing to infringe the '502 patent directly (either literally or under the doctrine of equivalents), contributorily, and by inducement.

4

## SECOND AFFIRMATIVE DEFENSE

The claims of the '502 Patent are valid and enforceable.

## THIRD AFFIRMATIVE DEFENSE

For the reasons set forth in ADI's Counterclaims, Oracle has infringed and is continuing to infringe the '094 patent directly (either literally or under the doctrine of equivalents), contributorily, and by inducement.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the '094 Patent are valid and enforceable.

## FIFTH AFFIRMATIVE DEFENSE

ADI expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

Accordingly, Oracle's Complaint for declaratory judgment should be dismissed and, instead, ADI is entitled to the relief requested in its counterclaims asserted against Oracle for direct and indirect infringement of the patents-in-suit, which are incorporated herein by reference.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, ADI by way of Counterclaim against Plaintiffs Oracle Corporation and Oracle America, Inc. (collectively "Oracle") alleges as follows:

1.      ADI's responses set forth in the foregoing Answer and Affirmative Defenses to the Complaint are hereby realleged and incorporated herein by reference.

**2.**      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

3.      ADI is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

4.      On information and belief, Oracle Corporation is a corporation organized and existing under the laws of the State of Delaware. Oracle Corporation's principal place of business is at 500 Oracle Parkway, Redwood City, California 94065.

5.      On information and belief, Oracle America, Inc. is a corporation organized and existing under the laws of the State of Delaware. Oracle America, Inc.'s principal place of business is at 500 Oracle Parkway, Redwood City, California 94065.

**JURISDICTION**

6.       This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Oracle Corporation and Oracle America, Inc. based, inter alia, on the filing by Oracle Corporation and Oracle America, Inc. of this lawsuit in this jurisdiction and because Counterclaim Defendants are residents of this jurisdiction.   In addition, on information and belief, Oracle is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State.  As such, Oracle has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed

activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I
(INFRINGEMENT OF THE '502 PATENT)

9.    The allegations set forth in the foregoing paragraphs 1 through 8 are hereby realleged and incorporated herein by reference.

10.    On June 13, 2006, United States Patent No. 7,062,502 ("the '502 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relational Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '502 Patent is attached hereto as Exhibit A.

11.    ADI is the assignee and owner of the right, title and interest in and to the '502 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12.    In violation of 35 U.S.C. § 271(a), Oracle has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '502 Patent by performing methods and using products internally at Oracle that practice the subject matter claimed in one or more claims of the '502 Patent (respectively, the "'502 Patent Accused Activities" and the "'502 Patent Accused Products"), including but not limited to claim 13, in the United States, including within this Judicial District, without the authority of ADI.  For example, Oracle has directly infringed the '502 patent by using APEX to develop the graphical user interface for Oracle's own web sites, including the

Oracle Store.   The '502 Patent Accused Activities include, but are not limited to, automatically generating a graphical user interface for a relational database using APEX. The '502 Patent Accused Products include, but are not limited to, applications developed using APEX or that utilize APEX in their operation; and APEX.

13.     Oracle has had actual knowledge of the '502 Patent and its infringement of that patent since at least September 18, 2012.

14.     Upon information and belief, Oracle has committed and continues to commit acts of contributory infringement of at least claim 13 of the '502 patent under 35 U.S.C. § 271(c) by providing products, including the '502 Patent Accused Products, to others including, but not limited to, its users knowing or willfully blind to the fact that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '502 Patent, and have no substantial non-infringing uses.

15.     In particular, the '502 Patent Accused Products constitute a material part of the claimed invention at least because they implement an automatic graphical user interface generation feature which is used by Oracle's users to perform all of the steps recited in claim 13 of the '502 Patent.   The '502 Patent Accused Products were made or especially adapted for use in an infringement of the '502 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of automatically generating a graphical user interface for a relational database as recited in claim 13 of the '502 Patent.   The use of the automatic graphical user interface generation features in such products by Oracle's users constitutes direct infringement of at least claim 13 of the '502 Patent.   Oracle has known or remained

willfully blind to these facts since at least the date it learned of the lawsuit that ADI filed against Oracle's users alleging that the use of the automatic graphical user interface generation feature in the '502 Patent Accused Products infringed the '502 Patent.

16.     Upon information and belief, Oracle has induced and continues to induce others to infringe at least claim 13 of the '502 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Oracle's users whose use of the '502 Patent Accused Products constitutes direct infringement of at least claim 13 of the '502 Patent.  In particular, Oracle's actions that aid and abet others such as its users to infringe include advertising and distributing the '502 Patent Accused Products and providing instruction materials and training showing infringing uses of the '502 Patent Accused Products.  On information and belief, Oracle has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Oracle has had actual knowledge of the '502 Patent and that its acts were inducing its users to infringe the '502 Patent since at least the date it learned of the lawsuit that ADI filed against Oracle's users alleging that the use of the automatic graphical user interface generation feature in the '502 Patent Accused Products infringed the '502 Patent.

17.     ADI has been harmed by Oracle's infringing activities.

18.     Although Oracle has been aware of the '502 Patent and its infringement prior to the filing of this lawsuit, Oracle thereafter continued to infringe the '502 Patent. On information and belief, Oracle's infringement has been and continues to be willful.

## COUNT II
(INFRINGEMENT OF THE '094 PATENT)

19.     The allegations set forth in the foregoing paragraphs 1 through 18 are hereby realleged and incorporated herein by reference.

20.     On July 15, 2008, United States Patent No. 7,401,094 ("the '094 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relations Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '094 Patent is attached hereto as Exhibit B.

21.     ADI is the assignee and owner of the right, title and interest in and to the '094 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22.     In violation of 35 U.S.C. § 271(a), Oracle has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '094 Patent by performing methods and using products internally at Oracle that practice the subject matter claimed in one or more claims of the '094 Patent (respectively, the "'094 Patent Accused Activities" and the "'094 Patent Accused Products"), including but not limited to claim 15, in the United States, including within this Judicial District, without the authority of ADI.  For example, Oracle has directly infringed the '094 patent by using APEX to develop the graphical user interface for Oracle's own web sites, including the Oracle Store.  The '094 Patent Accused Activities include, but are not limited to, automatically generating a graphical user interface for a relational database using APEX. The '094 Patent Accused Products include, but are not limited to, applications developed using APEX or that utilize APEX in their operation; and APEX.

23.     Oracle has had actual knowledge of the '094 Patent and its infringement of that patent since at least September 18, 2012.

24.     Upon information and belief, Oracle has committed and continues to commit acts of contributory infringement of at least claim 15 of the '094 patent under 35 U.S.C. § 271(c) by providing products, including the '094 Patent Accused Products, to others including, but not limited to, its users knowing or willfully blind to the fact that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '094 Patent, and have no substantial non-infringing uses.

25.     In particular, the '094 Patent Accused Products constitute a material part of the claimed invention at least because they implement an automatic graphical user interface generation feature which is used by Oracle's users to perform all of the steps recited in claim 15 of the '094 Patent.  The '094 Patent Accused Products were made or especially adapted for use in an infringement of the '094 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of automatically generating a graphical user interface for a relational database as recited in claim 15 of the '094 Patent.  The use of the automatic graphical user interface generation features in such products by Oracle's users constitutes direct infringement of at least claim 15 of the '094 Patent.  Oracle has known or remained willfully blind to these facts since at least the date it learned of the lawsuit that ADI filed against Oracle's users alleging that the use of the automatic graphical user interface generation feature in the '094 Patent Accused Products infringed the '094 Patent.

26.     Upon information and belief, Oracle has induced and continues to induce others to infringe at least claim 15 of the '094 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Oracle's users whose use of the '094 Patent Accused Products constitutes direct infringement of at least claim 15 of the '094 Patent.  In particular, Oracle's actions that aid and abet others such as its users to infringe include advertising and distributing the '094 Patent Accused Products and providing instruction materials and training showing infringing uses of the Accused Products.  On information and belief, Oracle has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Oracle has had actual knowledge of the '094 Patent and that its acts were inducing its users to infringe the '094 Patent since at least the date it learned of the lawsuit filed by ADI against Oracle's users alleging that the automatic graphical user interface generation feature in the '094 Patent Accused Products infringed the '094 Patent.

27.     ADI has been harmed by Oracle's infringing activities.

28.     Although Oracle has been aware of the '904 Patent and its infringement prior to the filing of this lawsuit, Oracle thereafter continued to infringe the '904 Patent. On information and belief, Oracle's infringement has been and continues to be willful.

## DEMAND FOR A JURY TRIAL

ADI hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, ADI respectfully requests that this Court enter judgment in ADI's favor against Oracle as follows:

a.      An adjudication that Oracle has infringed the '502 and '094 patents;

b.      An award of damages to be paid by Oracle adequate to compensate ADI for Oracle's past infringement of the '502 Patent and '094 Patent, and any continuing or future infringement through the date such judgment is entered, including interests, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c.      An injunction ordering Oracle to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d.      An award of treble damages under 35 U.S.C. § 284;

e.      A declaration finding this to be an exceptional case, and awarding ADI attorney fees under 35 U.S.C. § 285; and

f.      For such further relief at law and in equity as the Court may deem just and proper.

Dated:  October 24, 2012                    STAMOULIS & WEINBLATT LLC

                                            */s/ Richard C. Weinblatt*
                                            Stamatios Stamoulis #4606
                                                    stamoulis@swdelaw.com
                                            Richard C. Weinblatt #5080
                                                    weinblatt@swdelaw.com
                                            Two Fox Point Centre
                                            6 Denny Road, Suite 307
                                            Wilmington, DE 19809
                                            Telephone:  (302) 999-1540

                                            *Attorneys for Defendant*
                                            *Advanced Dynamic Interfaces LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2012, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.


*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080