IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No. 12-1154 (GMS) |
| v. | ) ) | |
| ADVANCED DYNAMIC INTERFACES LLC, | ) ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This <u>18th</u> day of <u>January,</u> 2013, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **January 11, 2013**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.      **Rule 26(a) Initial Disclosures and Contentions Disclosures.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **February 14, 2013**.  The default dates for exchange of initial discovery under Sections 4(a)-(d) of the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" shall not apply in this case.  The parties also agree that, in addition to the limits of Fed. R. Civ. P. 34  which apply in this case, they expect to reach agreement regarding Electronically Stored Information.

2.      **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **May 30, 2013**.  All motions

for leave to amend the pleadings to plead defenses such as inequitable conduct based on discovery shall be filed on or before **July 31, 2013**.

3.     <u>**Reliance Upon Advice of Counsel.**</u>  Plaintiffs shall inform Defendant whether they intend to rely upon advice of counsel as a defense to willful infringement no later than **30 days after claim construction**.  If Plaintiffs elect to rely on advice of counsel as a defense to willful infringement, Plaintiffs shall produce any such opinions on which they intend to rely to Defendant no later than **30 days after claim construction**.

4.     <u>***Markman* Claim Construction Hearing.**</u>  A *Markman* claim construction hearing shall be held on **January 28, 2014** at **9:30** a.m.  The *Markman* hearing is scheduled for a total of 3 hours with each side having 1-½ hours.  The parties shall exchange lists of claim terms they believe are in dispute and their proposed constructions of those terms by **August 13, 2013**, and shall meet and confer regarding narrowing and reducing the number of claim construction issues by **August 22, 2013**.  On or before **October 3, 2013**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The Plaintiffs shall submit to the court a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at <u>www.ded.uscourts.gov.</u>  The Joint Appendix shall be filed on the same day as the answering claim construction briefs.  The parties shall file opening claim construction briefs on **November 7, 2013**, and answering claim construction briefs on **December 5, 2013**.  Briefing will be presented pursuant to the court's Local Rules.

5.     <u>**Discovery.**</u>  All fact discovery in this case shall be initiated so that it will be completed on or before **February 28, 2014**.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **May 2, 2014**.  Rebuttal expert reports shall

be served on or before **June 13, 2014**.  Expert Discovery in this case shall be initiated so that it will be completed on or before **August 8, 2014.**

        a.      **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.**  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

        b.      **Interrogatories.** The parties may serve up to 25 interrogatories per side.

        c.      **Requests for Admission.**  Each side shall be allowed a maximum of 40 requests for admission.

        d.      **Fact Depositions.**  These deposition hours below may be used on any non-expert deponent, provided that any non-expert deponent that is a named inventor on a patent shall be deposed for no more than a total of ten (10) hours and any other non-expert

deponent shall be deposed for no more than a total of seven (7) hours.  The parties acknowledge that certain individuals who have information relevant to several issues in the case may require more hours for deposition than that listed herein.  For such individuals, the parties will work in good faith to agree on a time limit in advance, and if the parties cannot reach agreement, may apply to the Court for additional time by showing good cause to deviate from the above.  For any deposition that will exceed seven (7) hours, the parties will work in good faith to conduct the deposition on consecutive days where practical and reasonable in light of the subject matter, witness availability, and attorney availability.  The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.  If any party requests more than the allotted time for a particular deposition, or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for invention by the Court. Notwithstanding these limitations, the parties will not be permitted redundant, cumulative or abusive questioning.

The parties shall be allowed no more than 100 hours of depositions of all parties and non-parties per side, including no more than  28 deposition hours of each party taken pursuant to FCRP 30(b)(6).

e.  **Depositions of Experts.**  Each expert shall be deposed for up to 7 hours per opening or rebuttal report submitted by that expert.  The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.  If any party requests more than the allotted time for a particular deposition, or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for intervention by the Court.

Notwithstanding these limitations, the parties will not be permitted redundant, cumulative or abusive questioning.

6.      **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within forty-five (45) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

8.      **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **September 11, 2014**.   Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **September 18, 2014**.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **September 25, 2014**.  If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall

notify the parties of the date and time on which the Court will conduct a telephone conference to

hear such argument.  **Unless the Court directs otherwise, no letter requests to file a motion for**

**summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.  **Case Dispositive Motions.**  To the extent permitted, all case or issue

dispositive motions shall be served and filed on or before October 30, 2014.  Answering briefs

shall be served and filed on or before November 20, 2014. Reply briefs shall be served and filed

on or before December 11, 2014. Briefing will be presented pursuant to the Court's Local Rules.

Any request for extensions of time as set forth in this Scheduling Order must be accompanied by

an explanation or your request will be denied.

10.  **Applications by Motion.**  Except as provided in this Scheduling Order or for

matters relating to scheduling, any application to the Court shall be by written motion filed, via

electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver

copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the

statement required by Local Rule 7.1.1.

11.  **Oral Argument.**  If the Court believes that oral argument is necessary, the

Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.  **Pretrial Conference.**  On **May 11, 2015**, beginning at **10:00 a.m.**, the

Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by

the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial

disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order

can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint

Proposed Pretrial Order is due, Plaintiffs' counsel shall forward to Defendant's counsel a draft of

the pretrial order containing the information Plaintiffs propose to include in the draft.  Defendant's

counsel shall, in turn, provide to Plaintiffs' counsel any comments on the Plaintiffs' draft, as well as the information Defendant proposes to include in the proposed pretrial order.  **Motions** *in limine*: **NO MOTIONS** *IN LIMINE* **SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, on or before **April 10, 2015**.

13.     **Trial.**  This matter is scheduled for a **7** day **jury** trial beginning at 9:30 a.m. on **June 1, 2015**.

14.     **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
CHIEF, UNITED STATES DISTRICT JUDGE